17-428-cv
Flores v. U.S. Dep't of Justice

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand eighteen.

PRESENT:  BARRINGTON D. PARKER,
                PETER W. HALL,
                RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*

_____

Louis Flores,

                    *Plaintiff-Appellant*,

        v.                                                                        17-428-cv

United States Department of Justice,

                    *Defendant-Appellee*.

_____

FOR APPELLANT:                    Louis Flores, *pro se*, Jackson Heights, NY.

FOR APPELLEE:                      RUKHSANAH L. SINGH, Assistant United States
                                                Attorney (Varuni Nelson, Rachel G. Balaban, *on the
                                                brief*), *for* Richard Donoghue, United States
                                                Attorney for the Eastern District of New York,
                                                Brooklyn, NY.

        Appeal from a judgment of the United States District Court for the Eastern District of

New York (Azrack, *J*.; Mann, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Louis Flores, proceeding *pro se*, appeals from a judgment in favor of the Department of Justice ("DOJ") in his lawsuit under the Freedom of Information Act ("FOIA"). Flores alleged that DOJ failed to respond timely to his FOIA request and, when it did respond, failed to provide documents responsive to his request. The district court granted summary judgment to DOJ, concluding that DOJ's declarations showed that its search was reasonably calculated to uncover responsive documents and that Flores had not made a showing of bad faith. This appeal follows. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court order granting summary judgment in a FOIA action. *Wilner v. Nat'l Sec. Agency*, 592 F.3d 60, 69 (2d Cir. 2009). The defending agency has the burden of demonstrating that its search was adequate, and declarations showing that "the agency has conducted a thorough search" are sufficient to sustain this burden. *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). Agency declarations are "accorded a presumption of good faith," and a FOIA plaintiff seeking discovery "must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations or provide some tangible evidence that . . . summary judgment is otherwise inappropriate." *Id.* (internal citation and quotation marks omitted). Here, the declarations submitted by DOJ established the adequacy of its search for responsive documents. Flores only speculates that DOJ acted in bad faith. The district court properly granted summary judgment in favor of DOJ on Flores's FOIA claim.

2

We have considered all of Flores's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court for substantially the reasons stated in the magistrate judge's thorough report and recommendation, which the district court adopted in full.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court